# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Johnny Murphy<br><br>　　Plaintiff,<br><br>v.<br><br>NCO Financial Systems, Inc.<br><br>　　Defendant. | Case No.<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff is a natural person who resided in Aurora, Illinois at all times relevant to this action.

2. Defendant is a Pennsylvania Corporation that maintained its principal place of business in Pennsylvania at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, Defendant engaged in the business of consumer debt collection.

6. Defendant regularly uses the telephone and mail to collect consumer debts that Defendant either purchased or had been hired to collect.

7. The principal source of Defendant's revenue is debt collection.

8. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described below, Defendant contacted Plaintiff about an obligation allegedly owed to Capital One Bank, which had been incurred for personal rather than commercial purposes.

10. This obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) because Defendant has alleged that Plaintiff owes the debt.

12. On or around August 16, 2010, Plaintiff filed a voluntary petition for a Chapter 7 bankruptcy.

13. Defendant was listed as a creditor on Plaintiff's bankruptcy petition and the Court mailed notice of bankruptcy to Defendant on August 19, 2010.

14. Despite knowledge of Plaintiff's bankruptcy Defendant telephoned Plaintiff on or around October 18, October 19, October 20 and October 22, 2010 in connection with the collection of the debt.

15. On or around November 3, 2010, Plaintiff's attorney faxed Defendant further notice that Plaintiff was represented by counsel, that Plaintiff had filed Chapter 7 bankruptcy, and that Defendant should cease communication with Plaintiff immediately.

16. Despite knowledge of Plaintiff's bankruptcy and that Plaintiff was represented by counsel, Defendant telephoned Plaintiff numerous times throughout November and December of 2010 in connection with the collection of the debt.

17. Defendant caused Plaintiff emotional distress.

18. Defendant violated the FDCPA.

## COUNT ONE

**Violation of the Fair Debt Collection Practices Act**

2

19. Defendant violated 15 U.S.C. §1692c(a)(2) by communicating with Plaintiff notwithstanding knowledge that Plaintiff was represented by an attorney with respect to the debt.

20. In support hereof, Plaintiff incorporates paragraphs 12-16 as if specifically stated herein.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

21. Defendant violated 15 U.S.C. §1692c(c) by communicating with Plaintiff in connection with collecting the debt notwithstanding notification by Plaintiff's attorney that Plaintiff wished Defendant to cease and desist communication in connection with collection of the debt.

22. In support hereof, Plaintiff incorporates paragraphs 14-16 as if specifically stated herein.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

23. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

24. In support hereof, Plaintiff incorporates paragraphs 12-16 as if specifically stated herein.

## JURY DEMAND

25. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

26. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

       RESPECTFULLY SUBMITTED,

       Legal Helpers, P.C.

       By: /s/ Timothy J. Sostrin
           Timothy J. Sostrin
           Bar ID # 6290807
           233 S. Wacker
           Sears Tower, Suite 5150
           Chicago, IL 60606
           Telephone: 866-339-1156
           Email: tjs@legalhelpers.com
           Attorneys for Plaintiff